IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIM. ACT. NO. 1:11-cr-152-TFM-C |
| | ) | |
| VICTOR HUGO SERMENO | ) | |
| | ) | |

# ORDER

Pending before the Court is a pleading filed by the *pro se* Defendant entitled "A Compassionate Release and Motion for Reduction of Sentence for Changes in Federal Law and Policy" (Doc. 690, filed January 7, 2022). The Government filed its response in opposition (Doc. 692, filed February 25, 2022). For the reasons stated below the Court **DENIES** the Defendant's motion.

The Court file reflects that on August 9, 2011, Defendant Victor Hugo Sermeno ("Sermeno" or "Defendant") pled guilty to conspiracy to possess with intent to distribute cocaine. *See* Docs. 139, 143. On May 2, 2012, Sermeno received a sentence of 260-months imprisonment to be followed by 10 years of supervised release. *See* Doc. 270. After receiving Sermeno's motion for reduction of sentence based on retroactive amendments to the sentencing guidelines, the Court granted his request and on September 1, 2015 the sentence of incarceration was reduced to 240 months' imprisonment. *See* Docs. 552, 568, 571, 572. Now, in his newest motion (Doc. 690), Sermeno argues in his that he would likely not have been subject to the mandatory minimum term of imprisonment based on his prior felony narcotics conviction because the prosecution would not likely have sought the sentencing enhancement if he were prosecuted now. *Id*. This would have resulted in a lower 15 year sentence instead of the already reduced 20-year sentence. Further,

Sermeno argues that he contracted COVID 19 while in custody and almost died. He now fears new variants that may be vaccine resistant. Sermeno is confined in the Federal Correction Institution Beaumont (Low) in Beaumont, Texas with an estimated release date of December 17, 2028. *See* https://www.bop.gov/inmateloc/ (last accessed March 29, 2022).

Sermeno is one of several defendants to petition this Court for compassionate release or modification of sentence based on the effects of the COVID-19 pandemic. Once a sentence is imposed, the "authority of a district court to modify an imprisonment sentence is narrowly limited by statute." *United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir. 2010); *United States v. Shaw*, 711 F. App'. 552, 554-55 (11th Cir. 2017) (same). Specifically, the district court may not modify a term of imprisonment once it has been imposed except as set out in 18 U.S.C. § 3582(c). *See United States v. Pubien*, 805 F. App'x 727, 729 (11th Cir. 2020) (citing 18 U.S.C. § 3582(c)).

This *pro se* motion appears to have been filed pursuant to 18 U.S.C. § 3582(c)(1)(A), as modified by § 603 of the First Step Act enacted in December 2018. That section allows a defendant to petition the Court directly for reduction of a term of imprisonment, without a motion by the Director of the Bureau of Prisons ("BOP"), but only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." § 3582(c)(1)(A).

The Court agrees with the United States that to the extent the instant motion relates to COVID-19 it is not properly before the Court because Sermeno has not exhausted his administrative remedies. The present motion does not align with the reasons he presented to the BOP in July 2021. *See* Doc. 690-1. Even if Sermeno had exhausted his administrative remedies, the motion would not be due to be granted with respect to the COVID-19 pandemic.

Any reduction in sentence for "extraordinary and compelling reasons" must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission's applicable policy statement, set forth at Application Note 1 to the Commentary of § 1B1.13 of the U.S. Sentencing Guidelines, defines "extraordinary and compelling reasons" justifying sentence reduction as including (i) the defendant's serious medical condition diminishing his ability to provide self-care within the environment of a correctional facility; (ii) the advanced age of the defendant; (iii) family circumstances such as death or incapacitation of the caregiver of the defendant's minor children; and (iv) other reasons "[a]s determined by the Director of the Bureau of Prisons." *Id.*

With regard to age in category (ii), Application Note 1 to the Commentary of § 1B1.13 indicates that advanced age "is at least 65 years old." Sermeno is 51-years old and though certainly at greater risk than someone in their 20s or 30s, the Court cannot find Sermeno meets the advanced age contemplated by this factor. *See* Doc. 267 at page 2. Sermeno does not claim family circumstances under category (iii) justify early release.

Sermeno relies upon category (i) – serious medical condition – and presumably category (iv) other reasons –his perception of the law relating to sentencing, though he never actually states this clearly.

As to category (i), Sermeno did not submit any medical records to support the claim but alleges he suffers from, high blood cholesterol levels and glaucoma. At present, Sermeno provides no substantiation of his medical conditions such that the Court can evaluate them in context of the CDC's guidance. As the burden rests upon the defendant in this motion, the Court cannot find that he meets the criteria of category (i).

Sermeno does not discuss any context of "other reasons" under category (iv) which is other reasons "[a]s determined by the Director of the Bureau of Prisons." The BOP's Program Statement 5050.50 identifies in some detail the types of reasons that the Director of the BOP deems "extraordinary and compelling" within the fourth prong of the Sentencing Commission's policy statement. Nothing in BOP PS 5050.50 reflects a determination by the BOP that compassionate release may be appropriate based on an inmate's generalized fear of contracting COVID-19 in prison. As such, Sermeno is effectively urging this Court to find that his circumstances constitute an "extraordinary and compelling reason" for § 3582(c)(1)(A) relief, even though doing so would not be within the scope of reasons determined by the BOP to be extraordinary and compelling and therefore would not be consistent with the Sentencing Commission's applicable policy statement. Simply put, then, Sermeno's motion would have this Court ignore statutory language requiring that sentence reductions for "extraordinary and compelling reasons" be consistent with Sentencing Commission policy statements by essentially superimposing the Court's own policy preferences over those of the Sentencing Commission and the Bureau of Prisons. Therefore, his request for compassionate release fails here.

However, even if Sermeno met his burden above, then the Court must also consider the sentencing factors in 18 U.S.C. § 3553(a) when deciding whether to exercise its discretion in whether or not to grant the motion. 18 U.S.C. § 3582(c)(1)(A). In this case, the sentencing factors clearly do not favor early release or home confinement. Sermeno was serving a term of Supervised Release for possession with intent to distribute between 500 grams and 1.5 kilograms of cocaine base when he was found guilty of the present charge of conspiracy to possess with intent to distribute between 15 and 50 kilograms of cocaine. *See* Doc. 267 at 19. While it may be debatable whether the prosecution would file the sentencing enhancement today, the Court did initially

impose a sentence in excess of the 20-year term that Sermeno is currently serving and ultimately reduced that sentence as Sermeno requested. Moreover, nothing about the law Sermeno argues applies retroactively on his sentence. His personal belief regarding what the prosecution would or would not do today has no bearing on his current sentence.

The Court concludes that nothing persuasive is before the Court that justifies or permits a lesser sentence. Sermeno's disregard for the law by continuing to violate the narcotics laws while under Court supervision proves his release poses a major danger to the community which could not be offset by conditions short of confinement. Further, BOP Program Statement 5050.50 does not indicate that fear of contracting COVID-19, standing alone, is a reason for compassionate release. *See Curry v. United States*, Crim. Act. No. 15-0137-WS, 2020 U.S. Dist. LEXIS 180400, 2020 WL 5836551, at *2 (S.D. Ala. Sept. 30, 2020) ("Nothing in PS 5050.50 reflects a determination by the BOP that compassionate release may be appropriate based on an inmate's generalized fear of contracting COVID-19 in prison. As such, [Defendant] is effectively urging this Court to find that his circumstances constitute an 'extraordinary and compelling reason' for § 3582(c)(1)(A) relief, even though doing so would not be within the scope of reasons determined by the BOP to be extraordinary and compelling and therefore would not be consistent with the Sentencing Commission's applicable policy statement."); *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread.).

For the foregoing reasons, the motion entitled "A Compassionate Release and Motion for Reduction of Sentence for Changes in Federal Law and Policy" (Doc. 690) is **DENIED**.

**DONE** and **ORDERED** this 30th day of March, 2021.

                                          /s/ Terry F. Moorer
                                          TERRY F. MOORER
                                          UNITED STATES DISTRICT JUDGE