## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIM. ACT. NO. 1:11-cr-152-TFM |
| | ) | |
| VICTOR HUGO SERMENO | ) | |

### MEMORANDUM OPINION AND ORDER

On February 14, 2024, Defendant Victor Hugo Sermeno ("Defendant" or "Sermeno") filed a *pro se Motion for Reduction of Sentence* (Doc. 710). On March 19, 2024, the Court entered an order indicating that would reduce the Defendant's sentence to 249 months. *See* Doc. 717. After reviewing the response filed by the United States (Doc. 719) and the objections filed by Defendant (Doc. 720), the Court realized that it had erred when it made its new sentencing calculations because it failed to account for the reduced sentence applied by the Court (Judge Butler) after Amendment 782 passed in 2014. *See* Docs. 568, 571. Accordingly, on April 15, 2024, the Court entered the Amended Order indicating that after reviewing the record with fresh eyes and accounting for the 2015 reduction in sentence to 240 months, the Court now determined that Defendant is not eligible for a further reduction because the 2015 reduction already put him at the mandatory minimum sentence. *See* Doc. 724. The Amended Order provided until May 15, 2024 to file any objections. *Id*.

The United States filed its response to the April 15, 2024 order indicating no objections. *See* Doc. 725. Defendant filed objections in which he argues that the Court was incorrect about the statutory minimum because the First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194, reduce the mandatory minimum sentence to 180 months. *See* Doc. 726. As this was an issue of first impression for this court, the undersigned issued an order directing the United States to file a

response to the objections and provided the opportunity for Defendant to reply. *See* Doc. 729.

The United States timely filed its response on June 26, 2024. *See* Doc. 733. Though the United States attempts to frame Defendant's objections as a motion to reconsider when it argues standard of review, the response misses the mark. The Court notes that its April 15, 2024 Amended Order was a show cause order which explicitly gave the United States, Defendant, and any identifiable victims under the Crime Victims' Rights Act the opportunity to file objections. Therefore, the standard for a motion to reconsider is inapplicable here. The April 15, 2024 order was merely a show cause order stating the Court's intent absent objections – which is not the case here. Defendant entitled the document Objections and also the substance clearly constitutes objections. The use of the word "reconsider" in the Prayer does not change the fact that these are objections and thus the show cause order was not yet final. Therefore, the Court reviews the objections and subsequent briefing through that lens.

In the substance of its response, the United States acknowledges that the 2018 First Step Act changed the mandatory minimum sentence. Doc. 733 at 2-3. Prior to 2018, a defendant who violated 18 U.S.C. § 841(b)(1)(A) and had a prior felony drug offense faced a mandatory minimum term of imprisonment of 20 years (i.e. 240 months). The First Step Act in 2018 reduced the mandatory minimum sentence to 15 years (i.e. 180 months). *See* First Step Act § 401(a)(2)(A)(i). However, the United States further argues that because Sermeno was sentenced in 2012, the provisions of § 401 are inapplicable because Congress did not make the act retroactive. Doc. 733 at 3. The United States further argues that the correct mandatory minimum is 240 months, and the Court lacks the authority to reduce it further under Amendment 821.

On July 5, 2024, Defendant timely filed his Reply (Doc. 738) which was received by the Court on July 15, 2024. The Reply argues that the citations made by the United States are

distinguishable and that the most recent First Step Act modifications in Amendment 821 would permit the Court the discretion to reduce the sentence further.  *See* Doc. 738.

The Court agrees with the United States that the statutory minimum sentence for the crime committed by Defendant is 240-months imprisonment rather than 180 months as urged by Sermeno in his objections and reply.  The Section 401 of the First Step Act (2018) is not retroactive.  Section 401 and its amendments apply to offenses committed before the date of its enactment (December 21, 2018) **only** if the sentence had not been imposed as of that date.  *See* First Step Act, § 401(c); *see also United States v. Mathews*, 837 F. App'x 701, 703 (11th Cir. 2020) (Noting "the plain language of the Act makes clear that section 401 is not retroactive and therefore does not apply here.").  Therefore, the Court lacks the authority to reduce Sermano's sentence below the 240-month sentence he currently serves.

Yet, even if the Court had the authority to reduce the sentence to 180 months, the Court would not reduce the sentence for several reasons.

First, when he committed the instant drug trafficking offense, Sermeno was serving a term of Supervised Release following his term of imprisonment for cocaine distribution. Doc. 267 at 11. Next, Sermeno gave materially false information to the Probation Officer during the presentence investigation. Doc. 267 at 16.  Finally, Sermeno received a 2-point enhancement because his codefendants (Trotter and Nelson) possessed a firearm(s) during the offense.  Doc. 267 at 17.

The foregoing factors alone are sufficient to persuade the Court not to reduce the sentence. Furthermore, the initial 260 months sentence imposed by the Court was affirmed on appeal.  Only after the enactment of the 2014 Drug Guidelines Amendment which were retroactive was Sermeno's sentence reduced to 240 months. *See* Docs. 270, 409, 571.  The Court finds nothing

persuasive indicates the statutory sentencing factors weigh in favor of greater leniency. 18 U.S.C. § 3553(a).

The Court has reviewed Defendant's motion, the Final Report and Eligibility (Doc. 721) the Presentence Report prepared by the United States Probation Office, the objections (Doc. 726), United States Responses (Docs. 725, 733), the reply (Doc. 738) and the docket.  The Court first finds that Defendant is not eligible for a reduction under Amendment 821.  However, in the alternative, even if he were, the Court considered all relevant factors under U.S.S.G. §1B1.10 and Application Note 1(B) and finds that a reduction is not warranted in this action.  Therefore, the Court would decline to exercise its discretion.

The original 240-month sentence imposed remains sufficient to reflect the seriousness of the offense, promote respect for the law, provide adequate deterrence to criminal conduct, and protect the public from further crimes of the Defendant.  18 U.S.C. §§ 3553(a)(2)(A), (a)(2)(B), and (a)(2)(C).

It is **ORDERED** that the Defendant's objections (Doc. 726) are **OVERRULED**, the Court's Amended Order (Doc. 724, issued 4/15/24) is adopted at the opinion of the Court, and the *pro se Motion for Reduction of Sentence* (Doc. 710) is **DENIED.**

**DONE** and **ORDERED** this 17th day of July, 2024.

    /s/Terry F. Moorer
    TERRY F. MOORER
    UNITED STATES DISTRICT JUDGE